**S BAR B RANCH, a Montana corporation, Plaintiff–Appellant,**

**v.**

**OMIMEX CANADA, LTD., a Delaware corporation, Defendant–Appellee.**

**No. 13–35466.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2015.

Filed May 4, 2015.

James Devlan Geddes, James H. Goetz, Goetz, Baldwin & Geddes, P.C., Bozeman, MT, for Plaintiff–Appellant.

Daniel J. Auerbach, Mary Christina Surr McCann, Browning Kaleczyc Berry & Hoven, Missoula, MT, Kimberly A. Beatty, Esquire, Stanley T. Kaleczyc, Esquire, Browning, Kaleczyc, Berry & Hoven, P.C., Helena, MT, for Defendant–Appellee.

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

S Bar B Ranch appeals the judgment in favor of Omimex Canada, Ltd., which followed the district court's grant of summary judgment on the contract and fraud based claims brought by S Bar B. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

S Bar B sought to recover damages from Omimex on the basis that Omimex had improperly determined the royalty amount that it was required to pay to S Bar B for natural gas obtained from wells on S Bar B's property.[1] In this diversity action, the law of the State of Montana applies. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). At the district court, S Bar B conceded that its claims failed if Montana applies the "at the well" rule to determine the royalties rather than the "first marketable product" rule.[2] The district court determined that Montana applied the "at the well" rule. We agree. As the Montana Supreme Court has said, "[t]he price to be paid is not to be an arbitrary price fixed by the lessee but the price actually given in current market dealings." *Mont. Power Co. v. Kravik,* 179 Mont. 87, 586 P.2d 298, 302 (1978). The court explained, "lessor should receive no less and lessee pay no more than the current selling price of the gas." *Id.* at 303. Moreover, it declared, "[w]here no market exists in the field, ... royalty may be computed upon receipts from the marketing outlet for the products, less the costs and expenses of

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. S Bar B also sought class action certification for itself and others similarly situated.

2. S Bar B and Omimex reiterate that agreement on appeal.

marketing and transportation." *Id.* Those statements, especially when taken with others in the court's discussion, show that the court adopted the "at the well" rule. *See, e.g., Bice v. Petro–Hunt, L.L.C.,* 768 N.W.2d 496, 501–02 (N.D.2009); *Heritage Res., Inc. v. NationsBank,* 939 S.W.2d 118, 122 (Tex.1996); *Sartor v. United Gas Pub. Serv. Co.,* 186 La. 555, 173 So. 103, 106–07 (1937). It does not appear that the Montana courts have applied a different rule over the ensuing years. *See, e.g., Rummel v. Altamont Oil & Gas, Inc.,* No. DV–07–64, slip op. at 4–8 (Mont.Dist.Ct. Oct. 15, 2010). As the parties have acknowledged, that disposes of this case; thus we need not and do not address the other issues raised before us on appeal.

AFFIRMED. Omimex is awarded its costs on appeal.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.